IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ANTOINE MOORE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL NO. 15-cv-1358-NJR |
| | ) | |
| HEALTH CARE UNIT 6 | ) | |
| DIETARY DEPT., | ) | |
| DIETARY DEPT., | ) | |
| HEALTH CARE STAFF, and | ) | |
| DIETARY STAFF, | ) | |
| | ) | |
| Defendants. | ) | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Antoine Moore is currently incarcerated at Vandalia Correctional Center ("Vandalia"). Proceeding *pro se*, Moore has filed a complaint under 42 U.S.C. § 1983, alleging prison officials violated his rights under the Health Insurance Portability and Accountability Act of 1996, Pub. L. No. 104-191, 110 Stat. 1936 (1996) ("HIPAA"). (Doc. 1 at 6-8.) He seeks compensatory relief. (*Id.* at 9.)

This matter is now before the Court for a preliminary review of Moore's complaint pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court shall review a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a government entity." During this preliminary review under § 1915A, the Court "shall identify cognizable claims or dismiss the complaint, or any portion of the complaint," if the complaint "is frivolous, malicious, or fails to state a claim on which relief may be granted" or if it "seeks monetary relief from a defendant who is immune from such relief."

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

**Background**

Moore alleges that employees of Vandalia's health care unit and dietary department (where Moore had been employed) disclosed his HIV/AIDS diagnosis to the general prison population. Moore believes prison employees became aware of his diagnosis after speaking with a representative from a law firm that appears to have represented Moore in a prior medical claim (pertaining to lack of treatment of hepatitis C). Moore was apprised of the disclosure of his personal health information on October 15, 2015, when a fellow inmate informed him that one of the nurses at the health care unit had mentioned to him that Moore had HIV/AIDS. He was later informed that several inmates had heard the same information, most of them claiming they heard

Vandalia's food supervisors talking about Moore's diagnosis. The Head Counselor, Henry Treverough, apparently also heard about the diagnosis.

As a result of the release of his personal medical information, on October 15, 2015, Moore was removed from his job with the Dietary Department. Additionally, he alleges he has been "teased" by his fellow inmates. Moore filed two grievances in which he sought, in part, transfer to another correctional facility. He alleges he received no response.

## Discussion

Moore alleges various prison employees violated his rights under HIPAA when they disclosed his personal health information regarding his HIV/AIDS diagnosis. The Seventh Circuit has held, however, that "HIPAA does not furnish a private right of action." *Carpenter v. Phillips*, 419 F. App'x 658, 659 (7th Cir. 2011) (citing *Acara v. Banks*, 470 F.3d 569, 570-72 (5th Cir. 2006)); *see also Doe v. Bd. of Trs. of Univ. Ill.*, 429 F.Supp.2d 930, 944 (N.D. Ill. 2006) ("HIPAA provides civil and criminal penalties for improper disclosures of medical information, but it does not create a private cause of action, leaving enforcement to the Department of Health and Human Services alone.") Moore's claim, therefore, shall be dismissed with prejudice for failure to state a claim upon which relief may be granted.

## Disposition

For the reasons stated above, this action is **DISMISSED with prejudice** for failure to state a claim upon which relief may be granted. Plaintiff is **ADVISED** that this dismissal shall count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

If Plaintiff wishes to appeal this dismissal, his notice of appeal must be filed with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See*

FED. R. APP. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467. Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

The Clerk shall **CLOSE THIS CASE** and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:  January 4, 2016**

*[signature: Nancy J. Rosenstengel]*

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**